UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN WILLIAM JOHN,<br><br>    Plaintiff,<br><br>  v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>    Defendant. | Case No. 3:23-cv-06507-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTIONS FOR JOINDER AND REMAND**<br><br>Re: Dkt. Nos. 11, 32, 33, 38 |

Defendant Nationwide Mutual Insurance Company removed this case from state court and now moves to dismiss. In state court, plaintiff Jordan John sued Nationwide, seeking damages for injuries that John says were caused by East Bay Auto Repair and Towing ("EBART"), an insured of Nationwide. John has filed motions for "joinder" and to remand to state court. But John cannot sue Nationwide without first obtaining a judgment against or assignment from EBART, and he cannot join EBART in this specific lawsuit. For those and the following reasons, Nationwide's motion is granted without prejudice and John's motions are denied.

## BACKGROUND

John alleges that EBART failed to properly repair his vehicle when he brought it in for a fix. Amended Complaint ("AC") [Dkt. No. 34] ¶¶ 1–3. He asserts that failure led to the damage to his vehicle's brakes, which then caused him to crash. *Id.* ¶ 3. John alleges that EBART is insured by Nationwide, and that he filed a claim with Nationwide to seek damages arising from the vehicle accident. *Id.* ¶¶ 4–6. But Nationwide refused to provide coverage for the claim, which led John to filing suit in state court to seek damages. *Id.* ¶¶ 4–6.

Nationwide removed the case from state court on December 18, 2023, and moved to

dismiss on December 22, 2023.  ("Mot.") [Dkt. No. 11].  John failed to file a response so I issued an Order to Show Cause ("OSC") why the case should not be dismissed for failure to prosecute.  [Dkt. No. 20].  John did not respond and instead emailed my courtroom deputy asking for a continuance to respond to the OSC and to file a motion to remand.  [Dkt. No. 23].  Noting his pro se status, I granted a one-time reprieve, extended the case schedule, allowed him time to file a motion to remand, and instructed him to only request court action by filing the request on the docket.  *Id.*

Rather than make the required filings, he again emailed my courtroom deputy asking for an extension, and subsequently filed a motion to continue the deadlines, stating that he faces a substantial burden in federal court as a pro se litigant.  [Dkt. No. 27].  I granted the request for the extension and set a firm briefing and hearing schedule, noting John's response to the OSC would be due March 1.  [Dkt. No. 28].  I explained to John that his response to the OSC and the motion to dismiss may be an opposition or an amended complaint, and I provided guidance on his proposed "motion for joinder."  *Id.*  Finally, I directed him to the Court's Legal Help Center.  *Id.*

The day after his response to the OSC was due, John filed a notice stating that he intended to file an amended complaint without explaining why the amendment was delayed.  [Dkt. Nos. 30, 31].  Ten days later, he filed another motion for extension of time to file his documents, again referring to the burdens he faces in federal court as a pro se litigant.  [Dkt. No. 32].  A week later, he filed a "motion for joinder and remand."  [Dkt. No. 33].  The following day, he filed an amended complaint.  [Dkt. No. 34].

The defendants opposed the motion for extension of time and the motions for joinder and remand.  [Dkt. No. 35].  Rather than reply, John filed another motion for extension of time, asserting that he would file a response by April 1.  [Dkt. No. 38].  On April 3, he filed another request for an extension, this time asserting he would file a response by April 5.  [Dkt. No. 39].  As of the date of the filing of this order, he has not filed a response.

I recognize the burden of litigating a case pro se in federal court and have provided John significant leeway in responding to the defendants' motion to dismiss, which has now been pending for almost four months.  I have also provided substantial extra time to file a motion to

1  remand beyond the 30 days permitted by statute. *See* 28 U.S.C. § 1447(c). At this point, though,
2  and as explained further below, it is clear that John's case cannot proceed against this defendant at
3  this time and so the motion to dismiss is granted without prejudice. John's motions for joinder
4  and remand are similarly denied.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This standard is not akin to a probability requirement, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

1  "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however
2  inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by
3  lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *see also Bretz v.*
4  *Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still
5  allege facts sufficient to allow a reviewing court to determine whether a claim has been stated.
6  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "A pro se litigant
7  must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is
8  absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v.*
9  *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

## DISCUSSION

Construing John's amended compliant liberally, *see Erickson*, 551 U.S. at 94, he seems to assert causes of action against Nationwide for breach of contract and for negligence. *See* AC at 2–4. Nationwide's motion to dismiss and its opposition to remand and joinder argue that John cannot sue Nationwide for breach of contract because he was not insured by Nationwide and does not have a final judgment against one of Nationwide's insureds. Mot. 5–6; Oppo. 2–3. Nationwide also argues that as an insurer, it cannot be sued by John for negligence. *See* Mot. 5; Oppo. 2–3. Finally, it asserts that John cannot join EBART in this litigation. Oppo. 4–7.

Both of John's claims fail as a matter of law, at least at this point. His theory of liability is that he was damaged by EBART and that EBART was insured by Nationwide, so Nationwide must pay John for his injuries. But as a third-party claimant to an insurance contract, rather than a third-party beneficiary, John can only recover from EBART's insurer if he receives a judgment against EBART and then sues Nationwide under California Insurance Code section 11580. *See Nordby Constr., Inc. v. Am. Safety Indem. Co.*, No. 14-CV-04074-LHK, 2015 WL 1263389, at *11 (N.D. Cal. Mar. 19, 2015) (citing *Murphy v. Allstate,* 17 Cal. 3d 937, 942–44 (1976)); *Royal Surplus Lines Ins. Co. v. Ranger Ins. Co.*, 100 Cal. App. 4th 193, 200 (2002) (same). Alternatively, EBART could assign the claim and then John may sue Nationwide directly for breach of contract. *See Nordby Constr.*, 2015 WL 1263389, at *11; *cf.* Cal. Ins. Code § 1026.1. But John does not allege that he received a judgment against or assignment from EBART, so both

4

1  claims fail. And given that John wants to join EBART in this litigation, it is clear that he cannot
2  make those necessary allegations, so any amendment to his AC would be futile. *See Cato*, 70 F.3d
3  at 1106.
4       John also cannot solve these problems by adding EBART to this litigation. Under
5  California law, "[g]enerally, an insurer may not be joined as a party-defendant in the underlying
6  action against the insured by the injured third party." *Royal Surplus Lines Ins. Co. v. Ranger Ins.*
7  *Co.*, 100 Cal. App. 4th 193, 200, 122 Cal. Rptr. 2d 459 (2002); *see also Otay Land Co. v. Royal*
8  *Indem. Co.*, 169 Cal. App. 4th 556, 565 (2008) (similar). This makes sense given that John cannot
9  sue the insurer without first obtaining a judgment against the insured—allowing him to join the
10 insured here would circumvent these requirements under the law. Accordingly, John's "motion
11 for joinder" also fails.
12      And because John is a citizen of California and sued Nationwide, which is not a citizen of
13 California, for $120,000 in damages, I have diversity jurisdiction over the lawsuit, so his motion
14 for remand similarly fails. *See* [Dkt. No. 1-1] at pdf 5.

**CONCLUSION**

16 For those reasons, Nationwide's motion to dismiss is GRANTED without prejudice. John
17 may refile his claims against Nationwide if he first obtains a judgment against or assignment from
18 EBART. This dismissal is also without prejudice to John's rights to sue EBART for the alleged
19 damages in state court. John's motions for joinder and remand are DENIED.
20 **IT IS SO ORDERED.**
21 Dated: April 10, 2024

William H. Orrick
United States District Judge